50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NAB ASSET VENTURE, I, L.P., successor in interest to
Resolution Trust Corporation, a government agency,
Plaintiff-Appellee,
v.
John B. MUMFORD, Defendant-Appellant.
 No. 93-16116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1995.
Decided March 6, 1995.
 
 Before: REINHARDT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John B. Mumford appeals the district court's summary judgment in favor of NAB Asset Venture (NAB) in NAB's action to collect from Mumford, as a loan guarantor for Stockyards North, Inc. (Stockyards). Mumford contends the district court erred by determining that his affirmative defenses were jurisdictionally barred under 12 U.S.C. Sec. 1821(d)(13)(D), because he failed to file an administrative claim with the Resolution Trust Corporation. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm, but on a different ground.
 
 
 3
 In reviewing a district court's decision, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993); Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). If the district court relied on the wrong ground or wrong reasoning, its decision may nevertheless be affirmed if correct. See Washington, 969 F.2d at 755; Marino, 812 F.2d at 508.
 
 
 4
 Mumford contends he was discharged from his guaranty because Merabank, NAB's predecessor, unilaterally waived a security interest in Stockyards' furniture, fixtures and equipment and failed to obtain a lien subordination from Stockyards' landlord. Mumford asserts various affirmative defenses based on this conduct.
 
 
 5
 All of Mumford's arguments fail. His guaranty became effective in 1987. Under paragraphs 1, 5 and 6 of that guaranty, Mumford waived all the rights and defenses he now seeks to assert. Merabank was at liberty to waive a security interest in Stockyards' furniture, fixtures and equipment and was equally at liberty not to insist that Stockyards' landlord subordinate its lien. Additionally, Merabank had no duty to disclose this information to Mumford.
 
 
 6
 Mumford has no defense to NAB's action on the guaranty. The district court did not err in entering summary judgment in favor of NAB and against Mumford.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Mumford waived his affirmative defenses, it is unnecessary to consider the parties' arguments concerning the validity of a 1990 affirmation agreement, whether Mumford had to file an administrative claim, and whether D'Oench Duhme & Co. v. FDIC, 315 U.S. 447 (1942), or its statutory counterpart, 12 U.S.C. Sec. 1823(e), bars Mumford's affirmative defenses